IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, ) ) Plaintiff, ) ) v. ) ) CITY OF WEST HAVEN, ) CONNECTICUT, ) ) Defendant. ) ) | CIVIL ACTION NO. |

COMPLAINT

Plaintiff, the United States of America, by the authority of the Attorney General, through its undersigned attorneys, and at the request of the Administrator of the United States Environmental Protection Agency ("EPA"), alleges:

INTRODUCTION

1. This is a civil action brought against the City of West Haven, Connecticut ("the City" or "Defendant") pursuant to Sections 309(b) and (d) of the Clean Water Act ("CWA"), 33 U.S.C. §§ 1319(b) and (d).

2. The claims against the Defendant arise from the City's failure to comply with the CWA in the operation of a municipal wastewater collection system ("Collection System") that conveys wastewater to its wastewater treatment facility ("WWTF") that discharges into New Haven Harbor.

## JURISDICTION/VENUE/NOTICE

3. This Court has jurisdiction over the subject matter of this action pursuant to Section 309(b) of the CWA, 33 U.S.C. § 1319(b), and pursuant to 28 U.S.C. §§ 1331, 1345, and 1355.

4. Venue is proper in this district pursuant to Section 309(b) of the CWA, 33 U.S.C. § 1319(b), and pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 1395(a).

5. Authority to bring this action is vested in the United States Department of Justice under 28 U.S.C. §§ 516 and 519.

6. Notice of the commencement of this civil action has been given to the State of Connecticut Department of Environmental Protection, in accordance with Section 309(b) of the CWA, 33 U.S.C. § 1319(b).

## DEFENDANT

7. The City is a "municipality" within the meaning of Section 502(4) of the Act, 33 U.S.C. § 1362(4).

8. The City is a "person" within the meaning of Section 502(5) of the Act, 33 U.S.C. § 1362(5).

## INTERVENING PLAINTIFF

9. Section 309(e) of the Act, 33 U.S.C. § 1319(e), provides:

> Whenever a municipality is a party to a civil action brought by the United States under this section, the State in which the municipality is located shall be joined as a party. Such State shall be liable for payment of any judgment or any expenses incurred as a result of complying with any such judgment entered against the municipality in such action, to the extent that the laws of that State prevent the municipality from raising revenues need to comply with such judgment.

10. The State of Connecticut ("State") has committed to joining this action pursuant to Section 309(e) of the Act, 33 U.S.C. § 1319(e), as an intervening plaintiff. The United States reserves all claims which may have against the State under Section 309(e), 33 U.S.C. 1319(e).

## CLEAN WATER ACT STATUTORY SCHEME

11. The CWA is a comprehensive statute designed to "restore and maintain the chemical, physical, and biological integrity of the Nation's waters." 33 U.S.C. § 1251(a). To achieve that goal, Section 301(a) of the CWA, 33 U.S.C. § 1311(a), prohibits the discharge of pollutants into navigable waters of the United States except in compliance with the terms and conditions of a National Pollutant Discharge Elimination System ("NPDES") permit issued pursuant to Section 402 of the CWA, 33 U.S.C. § 1342. The term "discharge of a pollutant" is defined as "any addition of any pollutant to navigable waters from any point source." 33 U.S.C. § 1362(12).

12. Section 402 of the CWA, 33 U.S.C. § 1342, establishes the NPDES permit program, and authorizes the Administrator of EPA to issue permits for the discharge of pollutants into navigable waters. In 1973, the State of Connecticut was authorized to administer the federal NPDES permit program, pursuant to Section 402(b) of the CWA, 33 U.S.C. § 1342(b). Connecticut's authority for the issuance of permits is established at Section 22a-430 of Chapter 446k of the Connecticut General Statutes.

13. The Defendant discharges pollutants from the WWTF into New Haven Harbor pursuant NPDES Permit No. CT0101079 (the "Permit"). The State of Connecticut last re-issued the Permit to the Defendant on October 26, 2006.

14. The Permit authorizes the City to discharge wastewater from the WWTF into the New Haven Harbor through Discharge Serial No. 001-1, subject to certain terms and conditions.

15. Discharge Serial No. 001-1 is a "point source" within the meaning of Section 502(14) of the Act, 33 U.S.C. § 1362(14).

16. The City is not authorized to discharge from its Collection System consisting of approximately 145 miles of sewers, 13 pumping stations and the WWTF, other than through Discharge Serial No. 001-1.

17. New Haven Harbor constitutes "navigable waters" within the meaning of Section 502(7) of the Act, 33 U.S.C. § 1362(7).

## CLAIM FOR RELIEF
## UNAUTHORIZED DISCHARGES

18. The United States realleges and incorporates by reference Paragraphs 1 through 15 above.

19. Since at least January 1, 2007, and on numerous occasions thereafter and continuing at least until the filing of this Complaint, the City has discharged sewage to navigable waters through point sources other than those authorized by the Permit.

20. Untreated or partially untreated sewage contains pollutants within the meaning of Section 502(6) of the CWA, 33 U.S.C. § 1362(6).

21. The discharges described in Paragraph 17 above originated from point sources within the Defendant's Collection System.

22. The discharges described in Paragraph 17 above enter New Haven Harbor, the West River, the Oyster River, the Cove River, Old Field Creek and several unnamed tributaries that flow into the previously mentioned rivers and creeks.

23. The West River, the Oyster River, the Cove River, Old Field Creek and several unnamed tributaries that flow into the previously mentioned rivers and creeks ultimately flow into New Haven Harbor.

24. The waterbodies described in Paragraphs 20 and 21 above constitute "navigable waters" within the meaning of Section 502(7) of the Act, 33 U.S.C. § 1362(7).

25. As a result of the discharges described in Paragraph 17 above, the Defendant has discharged pollutants in violation of Section 301(a) of the CWA, 33 U.S.C. § 1311(a), each day that it discharged sewage and municipal wastewater through point sources not authorized by the Permit into navigable waters.

26. Pursuant to Sections 309(b) and (d) of the CWA, 33 U.S.C. §§ 1319(b) and (d), and the Debt Collection Improvement Act of 1996, 31 U.S.C. § 3701, the Defendant is subject to injunctive relief and the assessment of civil penalties not to exceed $32,500 for violations occurring between March 16, 2004 and January 12, 2009, and $37,500 for violations occurring after January 12, 2009 for each day of each violation of Section 301 of the CWA, 33 U.S.C. §1311.

## RELIEF SOUGHT

27. Wherefore, Plaintiff, the United States of America, respectfully requests that the Court:

    A.    Order the Defendant to properly operate and maintain its Collection System;

    B.    Permanently enjoin the Defendant from discharging pollutants through point sources not authorized by the Permit;

    C.    Order the Defendant to pay a civil penalty not to exceed $32,500 per day for each violation occurring between March 16, 2004, and January 12, 2009, and to pay a

civil penalty not to exceed $37,500 per day for each violation occurring after January 12, 2009;

        D.      Grant such other relief as the Court deems just and proper.

Respectfully submitted,

Date: 12/17/2013          /s/ Ellen M. Mahan
ELLEN M. MAHAN
Deputy Chief
Environmental Enforcement Section

Date: 12/17/2013          /s/ Brian G. Donohue
BRIAN G. DONOHUE
Senior Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Ben Franklin Station
Washington, DC 20044
(202) 514-5413


DEIRDRE M. DALY
United States Attorney
District of Connecticut

Date: 12/19/2013          /s/ Lisa E. Perkins
LISA E. PERKINS (ct23614)
Assistant United States Attorney
U.S. Attorney's Office
Hartford Office
450 Main Street, Room 328
Hartford, Connecticut 06103
Tel: (860) 947-1101
lisa.perkins@usdoj.gov

- 7 -

OF COUNSEL

JEFFREY KOPF
Office of Environmental Stewardship
U.S. Environmental Protection Agency, Region I
5 Post Office Square, Suite 100
Mail Code: OES04-4
Boston, MA 02109-3912